# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 05-CR-50-LRR |
| Plaintiff, | |
| vs. | ORDER ON MOTION FOR RELEASE PENDING APPEAL |
| DANIEL P. MITCHELL, | |
| Defendant. | |

## I. INTRODUCTION

Before the court is Defendant Daniel P. Mitchell's Motion for Release Pending Appeal ("Motion") (docket no. 129).

## II. THE MERITS

On July 6, 2006, Defendant was sentenced by the undersigned to a term of twelve months' imprisonment. The court ordered Defendant to self-report to his Bureau of Prisons facility after the United States Marshal notifies him of his facility designation.

On July 10, 2006, Defendant filed a Notice of Appeal. On July 19, 2006, Defendant filed the instant Motion.

In the Motion, Defendant seeks release pending appeal pursuant to 18 U.S.C. § 3143(b). Defendant argues that he is entitled to release because, he contends, the case is "novel and unique" and has an "unusual and unique factual basis." Defendant contends that there is a substantial question likely to result in reversal. Specifically, Defendant now claims that there is insufficient evidence to support his conviction because "[i]ncome itself is not an asset or property." Defendant points out that he was convicted of hiding income, and that he disclosed the items to which he applied such income on his bankruptcy

schedules. Defendant also argues he should have received an advice of counsel instruction at trial. Defendant contends that by the time he wins on appeal, he will likely have served his entire sentence. Defendant requests an expedited Hearing on the Motion.

Section 3143(b)(1) provides, in part:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and ,
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> > (i) reversal,
> > (ii) an order for a new trial,
> > (iii) a sentence that does not include a term of imprisonment, or
> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). Defendant bears the burden of showing the merit of the appeal. *United States v. Powell*, 761 F.2d 1227, 1232 (8th Cir. 1985) (en banc); *see also* Fed. R. App. P. 9(c) (providing, in part, "[t]he burden of establishing . . . that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or in an order for a new trial rests with the defendant"). In a per curiam opinion of the Eighth Circuit Court of Appeals, the court wrote the following about § 3143(b):

> The Bail Reform Act of 1984 made it much more difficult for a convicted

> criminal defendant to obtain his release pending appeal. The Act's intent "was, bluntly, that fewer convicted persons remain at large while pursuing their appeals." [*Powell*, 761 F.2d at 1231] . . . . [The Eighth Circuit Court of Appeals] require[s] a showing that the appeal presents "a close question"—not "simply that reasonable judges could differ"—on a question "so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." [*Id.*] at 1234.

*United States v. Marshall*, 78 F.3d 365, 366 (8th Cir. 1996).

Defendant has not "raised a substantial question of law or fact" as required for release pursuant to 18 U.S.C. § 3143(b)(1)(B). The court dealt with Defendant's arguments in its Order on Defendant's Motion for Judgment of Acquittal or for New Trial and found them to lack merit. *See generally United States v. Mitchell*, No. 05-CR-50-LRR, 2006 WL 20583 (N.D. Iowa 2006). To the extent Defendant now advances a new argument that income in the form of debt payments is not "property" for purposes of Section 152(1), the court finds this argument also lacks merit. *See, e.g., Kokoszka v. Belford*, 417 U.S. 642, 644-48 (1974) (holding income in the form of income tax return was "property" for purposes of Section 70a of Bankruptcy Act); *see also id.* at 648 (referring to "wages" as "'a specialized type of property'" (quoting *Lines v. Frederick*, 400 U.S. 18, 20 (1970)). The questions are not substantial, and the court cannot say that reversal or an order for a new trial is likely. Defendant cannot establish the elements of § 3143(b)(1)(B). Therefore, the court need not consider § 3143(b)(1)(A), that is, whether Defendant is a danger to the community or presents a risk of flight. The court finds an expedited Hearing on the Motion is not necessary.

### III. CONCLUSION

For the foregoing reasons, the court hereby **ORDERS**:

(1) Defendant's Motion for Release Pending Appeal (docket no. 129) is

**DENIED**; and

(2) Defendant is directed to self-report to his designated Bureau of Prisons facility as directed by the United States Marshal.

**IT IS SO ORDERED.**

**DATED** this 21st day of July, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA